H5vdblac

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               S1 17 Cr. 0308(DLC)

DAVID BLASZCZAK, THEODORE
HUBER, ROBERT OLAN and
CHRISTOPHER WORRALL,

            Defendants.

------------------------------x

                                             May 31, 2017
                                             11:05 a.m.

Before:

                    HON. DENISE COTE,

                                             District Judge

                    APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:  A. DAMIAN WILLIAMS
     IAN PATRICK McGINLEY
     JOSHUA ARDITI NAFTALIS
          Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK INC.
     Attorneys for Defendant David Blaszczak
BY:  SABRINA SHROFF

KRAMER LEVIN NAFTALIS & FRANKEL, LLP
     Attorneys for Defendant Theodore Huber
BY:  BARRY H. BERKE
     DANI R. JAMES

H5vdblac

APPEARANCES CONTINUED

1

2    ALLEN & OVERY, LLP
         Attorneys for Defendant Robert Olan
3    BY:  DAVID C. ESSEKS
         EUGENE EDWARD INGOGLIA
4
     DONALDSON & CHILLIEST, LLP
5        Attorneys for Defendant Christopher Worrall
     BY:  XAVIER R. DONALDSON
6
              – also present –
7
     Lisa Chan, U.S. Pretrial Services Officer
8

9                       oOo

10        (Case called)

11        MR. WILLIAMS:  Damian Williams, Ian McGinley and

12   Joshua Naftalis for the government, and with us at counsel

13   table is an officer from Pretrial Services.

14        Good morning, your Honor.

15        THE COURT:  Good morning.

16        MR. BERKE:  Good morning, your Honor.  Barry Berke and

17   Dani James for Mr. Theodore Huber.

18        THE COURT:  Thank you, Mr. Berke.  Nice to see.

19        Let me just begin by taking appearances in the order

20   of the defendants as they are listed in the Indictment

21        MR. BERKE:  Of course, your Honor.

22        THE COURT:  I think it is Mr. Blaszczak.  Is Mr.

23   Blaszczak's counsel here?

24        MS. SCHROFF:  I am here.  Good morning, your Honor.

25   Federal Defenders of New York by Sabrina Shroff.  I am standing

1   up for Mr. Patton, who will be counsel to Mr. Blaszczak,

2   assuming that the Court so appoints us.

3        Mr. Blaszczak is in court today.  He is standing

4   behind me.

5        I do apologize, your Honor.  I would ask the Court to

6   give me some time for the financial affidavit.  Mr. Blaszczak

7   had a very tortuous flight here.  His flight on JetBlue was

8   delayed several times last night.  I have all of the itinerary,

9   if the Court would so want it.  But I would just ask the Court

10  to give us about seven days to get ahold of his financial

11  situation so as to provide an affidavit to the Court.

12       THE COURT:  OK.  I'll come back to this issue in one

13  second, Ms. Shroff.  Thank you for that information.

14       Mr. Huber.

15       DEFENDANT HUBER:  Yes, your Honor.

16       THE COURT:  And, counsel, will you place your

17  appearances on the record, please.

18       MR. BERKE:  Thank you, your Honor.

19       It is Barry Berke and Dani James, of Kramer Levin, for

20  Mr. Huber.

21       THE COURT:  Thank you very much.

22       And for Mr. Olan.

23       MR. ESSEKS:  David Esseks and Eugene Ingoglia from

24  Allen & Overy.  Good morning, your Honor.

25       THE COURT:  Good morning, Mr. Esseks.

H5vdblac

1          And for Mr. Worrall.

2          MR. DONALDSON:  For Mr. Worrall, Xavier R. Donaldson.

3          Good morning your Honor.

4          THE COURT:  Good morning.

5          Welcome, everyone.  You may be seated.

6          So let me just address the issue you raised,

7    Ms. Shroff.  You're here because you understand, if the

8    defendant qualifies for appointment of counsel, that the

9    Federal Defenders, Mr. Patton, will be appointed by the

10   magistrate judge?

11         MS. SHROFF:  Yes, your Honor.  Mr. Patton and I would,

12   of course if the magistrate judge approves, we would seek

13   appointment.

14         THE COURT:  OK.  But just so I understand, why are you

15   here without that, going to the magistrate judge first, so I

16   understand the procedure?

17         MS. SHROFF:  Yes, your Honor.  It is simply because

18   there was a delay in our meeting with the client.  Mr. Patton

19   is stuck at the Federal Defenders conference.  He is not here

20   this morning.  I was trying to make sure I had a complete sense

21   of his finances before I had him fill out a financial

22   affidavit, which is the only prudent thing for me to do by the

23   Federal Defenders.

24         THE COURT:  Just to return to my question.  The

25   magistrate judge had identified the Federal Defenders as the

1    attorney for the defendant if he qualifies?

2              MS. SHROFF:  Yes, your Honor.

3              THE COURT:  Good.

4              MS. SHROFF:  I think --

5              THE COURT:  That's all I wanted to know.

6              MS. SHROFF:  Yes.

7              THE COURT:  OK.  That's great, and we'll talk about a

8    schedule in a moment for completion of the process.

9              MS. SHROFF:  Your Honor, I just want to be precise.

10   The magistrate clerk's office, not the actual sitting judge,

11   the clerk's office.

12             THE COURT:  That's fine.

13             MS. SHROFF:  Thank you, your Honor.

14             THE COURT:  Thank you.

15             I have a letter of May 30th from counsel for

16   defendants Huber and Olan asking that the court's committee on

17   assignments address whether or not this case was properly

18   assigned to this Court.  And I reached out to the Assignment

19   Committee this morning the first thing when I became aware of

20   this letter.  It's addressed jointly to me and Judge McMahon.

21   And as a result all I'm going to do today is arraign the

22   defendants and deal with speedy trial issues.  I won't conduct

23   the initial conference that I would normally conduct in a

24   criminal case.  So we'll just deal with these procedural issues

25   and then adjourn the conference until there is a decision from

1   the Assignment Committee.

2           So let me temporarily appointment the Federal

3   Defenders, by Mr. Patton and Ms. Shroff, for the defendant

4   Blaszczak for purposes of the arraignment today and the

5   proceedings that we'll have here in court.  And we'll set a

6   schedule for Ms. Shroff and/or Mr. Patton to present a CJA

7   affidavit, if that's appropriate, to the magistrate judge.

8           And you asked for one week, Ms. Shroff, is that right?

9           MS. SHROFF:  If I could have that time, I would

10  appreciate it, your Honor.  Thank you.

11          THE COURT:  Any objection by the government?

12          MR. WILLIAMS:  That is fine, your Honor.

13          THE COURT:  That's June 7th.  Great.

14          And Mr. Donaldson, you have risen.

15          MR. DONALDSON:  Yes, your Honor.  We are in the same

16  position as Mr. Worrall.  We received a notification for

17  representation this morning about 10:35/10:40, so we haven't

18  been able to ascertain his specifics regarding the financial

19  information as well.  We request that same one-week time

20  period.

21          THE COURT:  Your application is granted.

22          And I would like a letter from you, Ms. Shroff, and

23  you, Mr. Donaldson, within one week just advising the Court, or

24  the judge to whom this case will then be assigned, whether or

25  not that process has been completed or not so that we don't

H5vdblac

1   lose track of the proper appointment of counsel for these two

2   defendants.

3           Agreeable, Ms. Shroff?

4           MS. SHROFF:  Certainly, your Honor.

5           THE COURT:  Mr. Donaldson.

6           MR. DONALDSON:  Absolutely.

7           THE COURT:  Good.  So let's take the arraignment of

8   the four defendants.  I would ask each of them to stand,

9   please, and I'm going to ask each of you a series of three

10  questions:  Have you received a copy of the Superseding

11  Indictment marked S1 17 Cr. 308?  Do you wish me to read it to

12  you.  And how do you plead, guilty or not guilty?

13          We'll start with you, Mr. Blaszczak, have you received

14  a copy of the Superseding Indictment, S1 17 Cr. 308?

15          DEFENDANT BLASZCZAK:  Yes, your Honor.

16          THE COURT:  Do you wish me to read it to you?

17          DEFENDANT BLASZCZAK:  No, your Honor.

18          THE COURT:  How do you plead, guilty or not guilty?

19          DEFENDANT BLASZCZAK:  Not guilty, your Honor?

20          THE COURT:  You may be seated.

21          Mr. Huber, have you received a copy of that

22  Indictment?

23          DEFENDANT HUBER:  Yes, your Honor.

24          THE COURT:  Do you wish me to read it to you?

25          DEFENDANT HUBER:  No, your Honor.

1          THE COURT:  How do you plead, guilty or not guilty?

2          DEFENDANT HUBER:  Not guilty, your Honor.

3          THE COURT:  Thank you.

4          Mr. Olan, have you received a copy of that Indictment?

5          DEFENDANT OLAN:  Yes, your Honor.

6          THE COURT:  Do you wish me to read it to you?

7          DEFENDANT OLAN:  No, your Honor.

8          THE COURT:  How do you plead, guilty or not guilty.

9          DEFENDANT OLAN:  Not guilty, your Honor.

10          THE COURT:  Thank you.

11          Mr. Worrall, have you received a copy of that

12  Indictment?

13          DEFENDANT WORRALL:  Yes, your Honor.

14          THE COURT:  Do you wish me to read it to you?

15          DEFENDANT WORRALL:  No, your Honor.

16          THE COURT:  How do you plead, guilty or not guilty?

17          DEFENDANT WORRALL:  Not guilty, your Honor.

18          THE COURT:  Thank you.  You may be seated.

19          So I will take a report from the government on the

20  status of the speedy trial clock.

21          MR. WILLIAMS:  Your Honor, the defendants were present

22  last week -- or Mr. Olan and Mr. Huber were presented last

23  week, and time was excluded as to those two.  We submitted a

24  letter to Judge Forrest moving to exclude time as to the other

25  two and that was granted, your Honor, so no time has expired

off of the clock.  Sorry.  One day has been off of the clock, your Honor, but for the two defendants who were not present in district last week, so Mr. Blaszczak and Mr. Worrall.

THE COURT:  OK.  So, actually, let's just deal with the two defendants who were due in court last week.

Has any time expired with respect to those two defendants?

MR. WILLIAMS:  Yes, your Honor.  One day.

THE COURT:  And how do you calculate that?

MR. WILLIAMS:  We submitted a letter the day -- on May 24th, your Honor.

THE COURT:  Is this their first appearance in court?

MR. WILLIAMS:  In this district, your Honor.

THE COURT:  OK.  Isn't time excluded then until today for those two defendants and as a result time is excluded 'til today for their codefendants?

MR. WILLIAMS:  Yes, your Honor.  That is correct.

THE COURT:  OK.  So we have a record of what I think the calculation is, which is no time has elapsed on the speedy trial clock.  At most, it appears one day has elapsed.  So I think we're in the same rough ballpark with respect to the Speedy Trial Act calculation.

Will the government submit a letter shall we say by Friday with the Speedy Trial Act calculation that it believes applies to this case.

1          MR. WILLIAMS:  Certainly, your Honor.

2          THE COURT:  Thank you.

3          So, counsel, I'm going to suggest that we exclude time

4   for two weeks and with the understanding that that time may be

5   lengthened or shortened, but at least presumptively for two

6   weeks in order to give the Assignment Committee an opportunity

7   to review and consider the May 30th letter.  Is there -- let me

8   make sure that that's agreeable to everyone.

9          Does the government have any objection?

10          MR. WILLIAMS:  No, your Honor, not to the exclusion of

11   time.

12          THE COURT:  Thank you.

13          And Ms. Shroff, do you have any objection?

14          MS. SHROFF:  On behalf of Mr. Blaszczak, I do not,

15   your Honor.  Thank you.

16          THE COURT:  Mr. Berke, do you have any objection?

17          MR. BERKE:  We do not.  Thank you, your Honor.

18          THE COURT:  Mr. Esseks, do you have any objection?

19          MR. ESSEKS:  No, your Honor.

20          THE COURT:  And Mr. Donaldson, do you have any

21   objection?

22          MR. DONALDSON:  No, your Honor.

23          THE COURT:  Thank you.

24          So two weeks from today is June 14th.  I'm going to

25   exclude time from today until June 14th, finding the exclusion

1    to be in the interest of the justice and to outweigh the best

2    interests of the defendants and the public in a speedy trial.

3    It will permit the Assignment Committee of this court to

4    consider the application that was made late yesterday, and if

5    we need to extend time further, we'll be in touch with counsel

6    and you will all have an opportunity to be heard with respect

7    to that.

8         I make this exclusion pursuant to Title 18, United

9    States Code, Section 3161(h)(7)(A), And that goes to June 14th.

10        Mr. Williams, is there anything else we need to do

11   right now?

12        MR. WILLIAMS:  Yes, your Honor.  So bail has not been

13   set for defendants Blaszczak and Worrall, and we have the

14   Pretrial Services officer here.  The parties have not had a

15   chance to confer about a potential proposed bail package for

16   the Court's consideration.  However, in just looking at the

17   report that's been provided by Pretrial, the recommendation

18   that Pretrial has set forth seems agreeable to the government.

19        If the Court wants to hear from defense counsel as to

20   the potential bail package, we are certainly happy to speak

21   with them first and then confer, present a package to your

22   Honor for your Honor's consideration, or follow whatever

23   procedure the Court seems to prefer.

24        THE COURT:  OK.  Why don't you just take a moment here

25   and consult with Ms. Shroff and Mr. Donaldson and see if there

H5vdblac

1    is any objection to what you proposed.

2              (Pause)

3              MR. WILLIAMS:  Thank you, your Honor.

4              The parties have conferred, and we would suggest a

5    bail package for each defendant that follows what's set forth

6    in the Pretrial Services report, with one exception, that being

7    as opposed to securing the $500,000 bond with $50,000 of cash,

8    that instead we remove the cash security and that the bond be

9    cosigned by three financially responsible people.

10             With regard to Mr. Blaszczak, Pretrial recommends that

11   travel be restricted to South Carolina and New York, which is

12   fine with the government.

13             For Mr. Worrall, travel should be restricted to

14   Maryland and New York, your Honor.

15             MR. DONALDSON:  Could we have a second, your Honor?

16             (Pause)

17             THE COURT:  So, Mr. Donaldson, do you have a copy of

18   the Pretrial Services' May 31st report?

19             MR. DONALDSON:  I do, your Honor.

20             THE COURT:  And, Ms. Shroff, do you have a copy of the

21   Pretrial Services' May 31st report?

22             MS. SHROFF:  I do, your Honor.  And just if I may

23   update the Court slightly?

24             THE COURT:  Yes.

25             MS. SHROFF:  The Southern District Pretrial Services'

1    office was kind enough to accommodate us this morning, and we

2    had an interview with Ms. Santana, who is the Pretrial Services

3    officer, so she also apprised me of the bail package.

4              THE COURT:  OK.  So let me deal with Mr. Blaszczak's

5    terms of release first.

6              As I understand it, he will be executing a personal

7    recognizance bond of $500,000, to be cosigned by three

8    financially responsible persons.  He will be supervised by the

9    Pretrial Services office.  His travel will be restricted to the

10   Southern and Eastern Districts of New York and the District of

11   South Carolina.  He shall surrender his travel documents and

12   not apply for any replacement documents.  He shall participate

13   in mental health treatment and evaluation, as ordered by the

14   Pretrial Services office.  And he shall not have any contact

15   with his codefendants, victims of the alleged -- of the charged

16   crimes, or potential witnesses outside the presence of counsel.

17             In addition, there are other standard conditions that

18   apply, which include no possession of a firearm, destructive

19   device or other weapon; no abuse of alcohol; no unlawful

20   possession of a drug or controlled substance unless prescribed

21   by a medical practitioner, and a requirement that he submit to

22   drug testing or treatment at the discretion of the Pretrial

23   Services office.

24             Do I understand that there is consent to that,

25   Ms. Shroff?

H5vdblac

1          MS. SHROFF:  Yes, your Honor.  There is consent from

2     us.

3          THE COURT:  Thank you.

4          Let's turn, then, to Mr. Worrall.

5          MR. DONALDSON:  Your Honor, before we do that, could I

6     have one more second with the government?

7          THE COURT:  Sure.

8          MR. DONALDSON:  Thank you.

9          (Pause)

10         MR. DONALDSON:  Your Honor, I am ready.

11         THE COURT:  Thank you.

12         So, as I understand it, based on the report that's

13    been submitted to me and counsel's representations, the bail

14    package that has been consented to has the following terms:

15    That the defendant will be subject to Pretrial Services'

16    supervision, that his travel is restricted to the District of

17    Maryland and the Southern and Eastern Districts of New York.

18    He must surrender his travel documents, which he has already

19    done, and will not apply for replacement documents.

20         He must submit to drug testing and treatment as

21    directed by the Pretrial Services' officer, and the same

22    applies to mental health treatment and evaluation, that is, as

23    directed by the Pretrial Services officer.

24         He must refrain from contact with codefendants,

25    witnesses or victims unless those communications happen in the

H5vdblac

1    presence of counsel.

2            There is a requirement that he maintain employment as

3    directed by the Pretrial Services officer.  And the same

4    standard conditions with respect to refraining from use of

5    drugs or controlled substances other than as prescribed by a

6    doctor, and a requirement that he notify his current employer

7    of the charges contained in the Indictment.

8            Have I correctly stated the terms on which the parties

9    have agreed, Mr. Williams?

10           MR. WILLIAMS:  Your Honor, just the dollar amount of

11   the bond being $500,000.

12           THE COURT:  Thank you.

13           MR. WILLIAMS:  With three cosigners, your Honor.

14           THE COURT:  Yes.  Thank you.

15           That the defendant execute a $500,000 personal

16   recognizance bond cosigned by three financially responsible

17   people.

18           And, Mr. Donaldson, have I correctly stated the

19   conditions as you understand them?

20           MR. DONALDSON:  Yes, you have, your Honor.

21           MR. WILLIAMS:  Your Honor, I'm sorry.  I don't know if

22   we misheard you, but did you mention the travel restriction to

23   the District of Maryland, the Southern and Eastern Districts of

24   New York?

25           THE COURT:  I believe I did.

H5vdblac

1          MR. WILLIAMS:  OK.

2          THE COURT:  Let's talk about a schedule for the

3     cosigning, and shall we say that should happen within one week

4     as well?  Is there any objection to that, Ms. Shroff?

5          MS. SHROFF:  No, there is not, your Honor.

6          THE COURT:  Mr. Donaldson?

7          MR. DONALDSON:  No, your Honor.

8          THE COURT:  OK.  Good.

9          So, Mr. Williams, anything else we need to do?

10          MR. WILLIAMS:  Your Honor, just as a matter of

11     logistics, we would like the opportunity to submit a response

12     to the letter that was filed last night by Mr. Berke to the

13     Assignment Committee.  Should we submit it to the Court or

14     should we submit it directly to the Assignment Committee via

15     Chief Judge McMahon?

16          THE COURT:  When did you want to submit that?

17          MR. WILLIAMS:  We would like two weeks to submit a

18     letter.

19          THE COURT:  No.

20          MR. WILLIAMS:  OK.  Any schedule that the Court sets

21     would be fine with the government.

22          THE COURT:  Friday at noon.

23          MR. WILLIAMS:  OK.  And, so, should we --

24          THE COURT:  It should be sent -- why don't we follow

25     the same procedure that defense counsel used, send it directly

H5vdblac

1    to Chief Judge McMahon, who is Chair of the Assignment

2    Committee, and with a copy to me is fine.

3              MR. WILLIAMS:  Thank you, your Honor.

4              THE COURT:  Good.  Good.

5              So, Ms. Shroff, anything else we need to do today?

6              MS. SHROFF:  We do not, your Honor.  Thank you.

7              THE COURT:  And Mr. Berke, anything else we need to do

8    today?

9              MR. BERKE:  No, your Honor.  Thank you.

10             THE COURT:  Mr. Esseks, anything else we need to do

11   today?

12             MR. ESSEKS:  No.  Thank you, your Honor.

13             THE COURT:  And, finally, Mr. Donaldson, anything else

14   we need to do today?

15             MR. DONALDSON:  No, your Honor.  Thank you.

16             THE COURT:  Good.  Thank you all.

17             ALL COUNSEL:  Thank you, Judge.

18             THE CLERK:  All rise.

19                                    -  -  -

20

21

22

23

24

25